IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JEFF SCOTT NUNLEY,**

    **Plaintiff,**

v.                                                         Case No. 3:18-cv-01470

**WESTERN REGIONAL JAIL,**

    **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court is Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 2). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that Plaintiff's complaint be **DISMISSED**, with prejudice, pursuant to Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1, and that this action be removed from the docket of the court.

**I. Relevant History**

On November 28, 2018, Plaintiff filed the complaint herein pursuant to 42 U.S.C. § 1983 and an Application to Proceed Without Prepayment of Fees and Costs. (ECF Nos. 1, 2). The Application was incomplete, so Plaintiff was ordered to either file a completed Application or pay the $400 filing fee. (ECF No. 4). A revised Application was submitted by Plaintiff and was granted by the Court on December 17, 2018. At the time, Plaintiff was

an inmate at the Western Regional Jail and Correctional Facility ("WRJ") in Barboursville, West Virginia. Accordingly, Plaintiff was notified of his obligation to promptly advise the Clerk of Court if he had a change of address.

The Clerk issued a summons, and the United States Marshals Service effected service of process on the defendant. Defendant filed an answer to the complaint on May 23, 2019, prompting the Court to schedule the matter for a status conference, which was to take place on July 1, 2019 at 1:30 p.m. (ECF Nos. 13, 14). Of note, at some point prior to April 16, 2019, Plaintiff was released from the WRJ and moved to an address in Huntington. Plaintiff did not properly notify the Clerk of his change of address; however, Defendant provided the updated contact information on a certificate of service.

The Order scheduling the status conference was mailed to Plaintiff on June 20, 2019 and was sent to his new address in Huntington. According to the docket sheet, Plaintiff received the Order. On July 1, 2019, slightly after noon, Plaintiff called the Clerk's office to advise the Clerk that he would not be attending the status conference. Because Plaintiff provided no explanation for his anticipated absence, the undersigned's Judicial Assistant contacted Plaintiff. Plaintiff indicated that he did not have time to attend the status conference; that he was busy working; and he had a physician's appointment at the same time as the conference. Although he insisted that he did not have spare time to pursue the action, Plaintiff likewise had not retained an attorney. When asked if he wished to voluntarily dismiss the case, Plaintiff would not commit to a voluntary dismissal. On the other hand, Plaintiff did not ask to reschedule the status conference and did not seem particularly interested in his lawsuit.

On July 1, 2019, the undersigned issued a Show Cause Order, notifying Plaintiff that he had thirty days to show good cause for retention of the case on the docket, or a

recommendation of dismissal would issue. (ECF No. 15). According to the docket sheet, Plaintiff received the Show Cause Order. More than two months have passed since the Show Cause Order was sent to Plaintiff, without any communication from him.

## II. Discussion

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). As the Supreme Court of the United States explained in *Link,* such a sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" *Id.* at 629-30. Federal Rule of Civil Procedure 41(b) codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."[1] Similarly, under this court's Local Rule of Civil Procedure 41.1, when it appears that a plaintiff has no interest in further prosecution of a complaint:

> [T]he judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action.[2]

The appropriateness of a dismissal that is not voluntarily sought by a plaintiff

---

[1] Fed .R. Civ. P. 41(b) states, in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." However, although Fed. R. Civ .P. 41(b) does not explicitly provide for *sua sponte* dismissal, it does not abrogate the power of the court to act on its own initiative. *Link*, 370 U.S. at 630–32; *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976).

[2] L.R.Civ.P. 41.1, implemented by the United States District Court for the Southern District of West Virginia, states "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

3

"depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir. 1989). When assessing whether to impose the sanction of dismissal, the court should consider four factors, including: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir.1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman,* Case No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

Having considered each of these factors, the undersigned concludes that dismissal is warranted. A review of the record suggests that once Plaintiff was released from custody, he lost interest in this case. His last contact with the Court was approximately an hour before his scheduled status conference on July 1, 2019. During that contact, Plaintiff indicated that he did not have time to prosecute the case and had other pressing matters of more importance to which he had to attend. Plaintiff has made no effort to check on the status of this civil action since that contact. This failure to pursue prosecution reflects a case history of Plaintiff proceeding in a deliberately dilatory fashion. The case has been pending on the court's docket for nearly ten months and, during that time, there has been only minimal action by Plaintiff. Likewise, there has been **no** communication from Plaintiff pertinent to this case in the last two months despite the matter having been set for a status conference, which Plaintiff failed to attend, and despite the Show Cause Order. Thus, Plaintiff is entirely responsible for the delay in prosecution. As a rule, a delay in prosecution causes some measure of prejudice to the defendant given that witnesses

4

become unavailable and memories become stale with the passage of time. In view of Plaintiff's clear disinterest in the case, any sanction short of dismissal would not be effective or judicious.

In sum, given that Plaintiff has effectively abandoned the case, the undersigned **FINDS** that the proper course of action is dismissal. *See Ballard,* 882 F.2d at 95-96.

### III.   Proposal and Recommendation

Accordingly, for the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the complaint be **DISMISSED**, without prejudice, for failure to prosecute and for failure to comply with court orders, and that this action be removed from the docket of the court.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour,* 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States*

*v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff and counsel of record.

**DATED**:  September 19, 2019

Cheryl A. Eifert
United States Magistrate Judge